## Commonwealth v. Oberholtzer

*Allen R. Keely,* for petitioner.

*Fox, Fox, Honeyman & Schermerhorn,* contra.

DANNEHOWER, J., April 11, 1949.—This case comes before the court on petition of a surety on a support bond to vacate the order and be discharged from liability on the bond. Prosecutrix, mother of a minor, filed an answer to the rule granted on the petition, containing denials and new matter.

The testimony taken at the hearing reveals that on September 5, 1946, Harry L. Oberholtzer was

ordered by the court to pay $10 weekly for the support of his minor son, Frederick Oberholtzer, and defendants' father and mother, Harrison F. Oberholtzer and Agnes, his wife, became sureties on a $1,000 bond for the faithful compliance with said order.

The father and mother of said minor have been divorced and both have remarried, and defendant has for the past three years been living in California. During this time, Agnes Oberholtzer, one of the sureties, now 57 years of age, has been working in a factory and has been paying to our desertion officer the support order for her son, defendant. Her grandson, the beneficiary of the order, scarcely speaks to her.

The minor son, Frederick, will be 18 years of age on October 4, 1949. He has completed a course in a trade school, and since September 1948 has been selling automobiles on commission, although he asserts that he has sold none, but has earned $200 doing odd jobs. He does not reside with his mother and her husband.

Prosecutrix, mother of the minor, denies that the minor is regularly employed or self-supporting. She contends under "New Matter" that the surety is "without standing" to bring this action; that the principal debtor alone can maintain it, and that the surety can only be released from her recognizance upon producing the body of the principal debtor and paying all arrearages. See Commonwealth v. Jones, 90 Pa. 431 (1879); Commonwealth v. Yerka, 12 Lack. Jur. 61 (1911).

The legal question thus raised is, may a surety on a support bond, who has been paying the support order for almost three years, be subrogated to the principal debtor's right, so as to seek a vacation of the support order?

We believe the answer to that question should be "yes". A surety may petition for the vacation of a support order and in equity and justice is subrogated

to the rights of the principal debtor. The surety has been paying the order, has a substantial and financial interest and by operation of law has a clear right of subrogation and substitution: Fleming v. Beaver, 2 Rawle 128 (1828).

Furthermore, support orders may be modified and terminated from time to time, and a wide latitude and discretion, unfettered by technical rules of practice or procedure, should be given the court in order to promote justice.

The merits of this case are with the petitioning surety and grandmother, who has continued to pay the support order for her grandson from her earnings in a factory until January 1949, four months after he secured a position with a garage as a salesman on commission. A private detective, employed by the surety, testified as to the minor's attendance at a trade school, his employment, and frequently seeing him riding around in an automobile. He is old enough, healthy enough, big enough, and has sufficient education to be self-supporting, and it is difficult to believe that he has been connected with this garage for the past six months, daily from 9 a.m. until 5 p.m. and has earned nothing. He should not be encouraged to depend upon the earnings of his grandmother, for whom he has shown so little respect, and for his best interests the order should be vacated and the surety be released from all liability.

And now, April 11, 1949, for the foregoing reasons, the rule to show cause why the support order should not be vacated and the surety discharged from liability on the bond is hereby made absolute, and any arrearages now due are hereby forgiven.